UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MARK FLEMING,                           )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )   Case No. 14-CV-0188-CVE-TLW
                                        )
STEIN ANCILLARY SERVICES, LLC,          )
                                        )
            Defendant.                  )

# OPINION AND ORDER

Now before the Court is Defendant's Motion to Transfer Venue and Its Opening Brief In Support (Dkt. # 17). Defendant Stein Ancillary Services, LLC (Stein) argues that this action should be transferred to the United States District Court for the Western District of Arkansas because "the majority of events relating to Plaintiff's claim occurred in Forth Smith, Arkansas." Dkt. # 17, at 2. Plaintiff responds that Stein has failed to meet its burden of establishing that this case should be transferred. Dkt. # 20, at 1, 9.

## I.

On April 23, 2014, plaintiff filed a claim alleging discrimination by Stein. Dkt. # 2, at 1. Plaintiff alleged

> disability discrimination . . . in violation of the Americans with Disabilities Act [ADA] as set forth in 42 U.S.C. § 12111, *et seq.* and the Oklahoma Anti-Discrimination Act (OADA); and age discrimination . . . in violation of the Age Discrimination in Employment Act (ADEA) and the OADA [; and] . . . retaliation . . . and interference . . . in violation of the [Family and Medical Leave Act (FMLA)].

Id. Plaintiff alleges that he was a physical therapist employed by Stein. Id. at 2. He alleges that he is a resident of Tulsa County, Oklahoma, and that Stein is headquartered in Fort Smith, Arkansas.[1] Id. at 1-2. Plaintiff alleges that he "was paid and given directions" out of Stein's headquarters. Id. at 2.

On June 4, 2014, Stein filed a motion to transfer venue to the Western District of Arkansas. Dkt. # 17, at 3. Plaintiff responded (Dkt. # 20), and Stein has replied (Dkt. # 21). In his response, plaintiff has included a sworn declaration stating that he has been treated for his medical condition in Tulsa, Oklahoma City, and Enid, Oklahoma, and that he has not been treated outside of Oklahoma. Dkt. # 20-1, at 1. He also stated in his declaration that he was informed by Sharla Langster, Stein's Tulsa Regional Director, that he "was in danger of termination;" that he discussed his job with Langster and the reasons that it was in jeopardy; that Langster's work address was in Claremore, Oklahoma, while plaintiff was employed; that Langster resided in Owasso, Oklahoma, while plaintiff was employed; and that plaintiff believes that Langster still resides there. Id.

## II.

With regard to a motion to transfer venue under 28 U.S.C. § 1404, defendant bears the burden of establishing that plaintiff's chosen forum is inconvenient, and plaintiff's choice of forum is given considerable weight. Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992). A court should not transfer venue merely to shift the inconvenience of litigating from one party to another, and the party seeking a transfer of venue must make a strong showing that the forum is inconvenient. Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1168 (10th Cir. 2010). In reviewing a motion to transfer venue under § 1404, a court may consider evidence outside the pleadings but

---

[1] Fort Smith is located in the Western District of Arkansas. See 28 U.S.C. § 83(b)(3).

must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. Huang v. Napolitano, 721 F. Supp. 2d 46, 48 n.3 (D.D.C. 2010); United States v. Gonzalez & Gonzales Bonds & Ins. Agency, Inc., 677 F. Supp. 2d 987, 991 (W.D. Tenn. 2010).

### III.

Stein asks the Court to transfer this case to the Western District of Arkansas under 28 U.S.C. § 1404, because it believes that court would be a more convenient forum for the parties and witnesses. Dkt. # 17. Plaintiff argues that a transfer of venue would not be appropriate under section 1404 because Stein has failed to meet its burden of establishing that this case should be transferred. Dkt. # 20, at 1, 9.

Under section 1404(a), a district court may transfer a civil case to any judicial district in which it could originally have been filed "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). The Tenth Circuit has identified several factors that should be considered by a district court in ruling on a motion to transfer:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws, [8] the advantage of having a local court determine questions of local law; and, [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). When a party files a motion to transfer venue, the moving party has the burden of proving inconvenience to the parties and witnesses. Rivendell Forest Prods., Ltd., v. Canadian Pac. Ltd., 2 F.3d 990, 993 (10th Cir. 1993). Unless the moving party carries its burden to prove inconvenience to the parties

3

and witnesses and the balance is "strongly" in favor of the moving party, the plaintiff's choice of forum should not be disturbed. Scheidt, 956 F.2d at 965. "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." Id.

The first Chrysler Credit factor is the plaintiff's choice of forum. 928 F.2d at 1516. A plaintiff's choice of forum is generally given significant deference, but this deference is lessened if the plaintiff does not reside in the judicial district or if the "facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." Emp'rs Mut. Cas., Co., 618 F.3d at 1168. Stein argues that the facts giving rise to this lawsuit have no connection to plaintiff's chosen forum. Dkt. # 17, at 3.[2] However, while employed by Stein, plaintiff worked in the Tulsa, Oklahoma, area. Dkt. # 20-3, at 1. Additionally, plaintiff states that he was informed of his possible termination, and the reasons for it, by a Stein employee located in the Northern District of Oklahoma. See Dkt. # 20-1, at 1. As plaintiff resides in the Northern District of Oklahoma and the facts giving rise to this lawsuit have a significant connection to the Northern District of Oklahoma, plaintiff's choice of forum should be afforded significant deference.

The second Chrysler Credit factor is "the accessibility of witnesses and other sources of proof." 928 F.2d at 1516. "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." Emp'rs Mut. Cas., Co., 618 F.3d at 1169 (quoting Cook v. Atchison, Topeka & Santa Fe R.R. Co., 816 F. Supp. 667, 669 (D. Kan. 1993)) (internal quotation marks omitted).

---

[2]  It appears uncontested that plaintiff resides in the Northern District of Oklahoma. See Dkt. # 2, at 1.

> To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) "indicate the quality or materiality of the[ir] testimony"; and (3) "show[ ] that any such witnesses were unwilling to come to trial ... [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary."

Id. (quoting Scheidt, 956 F.2d at 966) (alterations in original). Stein states that the every witness relevant to its employment decision regarding plaintiff is located in Arkansas. Dkt. # 21, at 5; see also Dkt. # 17, at 3. However, Stein has identified only one potential witness (Derek Goodlin, president of Stein), and, while Stein has demonstrated the materiality of his testimony, Stein has failed to show that Goodlin would be unwilling to come to trial, that deposition testimony would be unsatisfactory, or that compulsory process would be necessary. See Dkt. # 17, at 1-2. Additionally, plaintiff has stated that potential witnesses, including plaintiff's wife, the patients for whom plaintiff performed his services, and physical therapy assistants with whom plaintiff worked, reside in the Northern District of Oklahoma. Dkt. # 20, at 4-5.[3] Given Stein's failure to demonstrate inconvenience, as required by Emp'rs Mut. Cas., Co., this factor does not weigh in favor of transfer.

The third Chrysler Credit factor is the cost of making necessary proof. 928 F.2d at 1516. Stein states that the most "cost-effective way to try this case would be in Arkansas" because trial in Oklahoma "would require significant travel by witnesses and attorneys and unnecessary expenses." Dkt. # 17, at 3.[4] "This argument fails to justify a transfer because the record contains no evidence concerning the potential costs of litigating the case" in Oklahoma. Emp'rs Mut. Cas.,

---

[3] The Court notes that Langster is alleged to reside in the Northern District of Oklahoma. Dkt. # 20-1, at 1. Plaintiff also states that his treating physicians are located in Oklahoma. Dkt. # 20, at 4. However, he does not specify the district in which they reside, only where he was treated. See id. at 4; Dkt. # 20-1, at 1.

[4] Stein also states that plaintiff's "employment record and all other relevant documents are maintained in Arkansas." Dkt. # 17, at 3.

5

Co., 618 F.3d at 1169. Neither party has shown that transfer will substantially enhance or decrease the expense to the parties, and the Court finds that this is a neutral factor.

The eighth[5] Chrysler Credit factor is the advantage of having a local court determine questions of local law. 928 F.2d at 1516. Stein offers no specific argument as to this factor, stating only that "[e]very factor in this case, with the exception of the plaintiff's choice of forum, weighs in favor of transferring the case to Arkansas district court." Dkt. # 17, at 3. However, plaintiff's complaint alleges that Stein has violated federal law, as well as the OADA. Dkt. # 2, at 1. Because this case concerns matters of Oklahoma law, this factor weighs against transfer of venue. See Emp'rs Mut. Cas., Co., 618 F.3d at 1170 ("When the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale.").

The final Chrysler Credit factor is "all other considerations of a practical nature that make a trial easy, expeditious and economical." 928 F.2d at 1516. Plaintiff argues that a transfer to the Western District of Arkansas would create a hardship for him because of his degenerative disk disease, "which affects his ability to sit for long periods of time," and the fact that the district court

---

[5] Stein offers no specific argument as to the fourth (enforceability of judgment), fifth (obstacles to a fair trial), sixth (congested dockets), or seventh (conflict of laws) Chrysler Credit factors, stating only that "[e]very factor in this case, with the exception of the plaintiff's choice of forum, weighs in favor of transferring the case to Arkansas district court." Dkt. # 17, at 3. Stein's unsupported statement is unpersuasive. The Court does not find that the fourth, fifth, or seventh factors weigh for or against transfer of venue. However, the sixth factor weighs against transfer, as the Western District of Arkansas has a more congested docket than the Northern District of Oklahoma. See Emp'rs Mut. Cas., Co., 618 F.3d at 1169 ("When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge."); Administrative Office of the U.S. Courts, Federal Court Management Statistics March 2014, U.S. Courts (last visited Aug. 6, 2014), http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2014/district-fcms-profiles-march-2014.pdf&page=1.

6

for the Western District of Arkansas is "a drive of about six hours each way." Dkt. # 20, at 8-9; see also Dkt. # 20-2.[6] Again, Stein offers no specific argument as to this factor. See Dkt. # 17, at 3. This factor does not weigh in favor of transfer.

Stein does advance an argument in its reply that is not found within any of the Chrysler Credit factors: that the venue provisions of the ADA weigh in favor of a transfer. Dkt. # 21, at 2-5. A disability discrimination action may be brought in

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).[7] Additionally, "[f]or purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought." Id. Stein argues that venue is proper in Arkansas under three of the four venue provisions and proper in Oklahoma under, at most, only one of the four venue provisions.[8] Dkt. # 21, at 2. Defendant conflates the test of where venue is proper

---

[6] It is unclear from plaintiff's response why he believes the Western District of Arkansas will assign his case to El Dorado, Arkansas, and not to Fort Smith, Arkansas. Compare Dkt. # 20, at 9 n.3, with United States District Court Western District of Arkansas, U.S. Courts (last visited Aug. 6, 2014), http://www.arwd.uscourts.gov/.

[7] The procedures of section 2000e-5 are made applicable to the ADA via 42 U.S.C. § 12117(a).

[8] Plaintiff has not had the opportunity to dispute this assertion, as Stein first raised this argument in its reply. Compare Dkt. # 17, with Dkt. # 21. Stein also suggests for the first time in his reply that venue may not be proper in Oklahoma. Dkt. # 21, at 4. However, Stein's motion to transfer venue does not seek dismissal for improper venue under Fed. R. Civ. Pro. 12(b)(3). See generally Dkt. # 17. As Stein has not filed a motion to dismiss based on improper venue, the Court will not consider this argument.

(i.e., 42 U.S.C. § 2000e-5(f)(3)) with the test of whether a transfer of venue is proper (i.e., the factors enumerated in Chrysler Credit). The number of ways in which venue is proper is not, in itself, a Chrysler Credit factor. The cases cited by Stein in support of its argument are inapposite. One dealt with a transfer under 28 U.S.C. § 1406(a),[9] not 28 U.S.C. § 1404(a). See Clarke v. Loma Linda Foods, Inc., No. 90-55284, 1991 WL 90170, at *1 (9th Cir. May 28, 1991). The other transferred the case to another district because the proposed district "would be a much more convenient forum for **all** of the parties involved." Topliff v. Atlas Air, Inc., 60 F. Supp. 2d 1175, 1180 (D. Kan. 1999) (emphasis added).[10] The mere fact that venue in Arkansas may be proper in more ways than venue in Oklahoma has no bearing on the appropriateness of transferring venue.

Stein has failed to establish that a single Chrysler Credit factor weighs in favor of transfer. As such, it has failed to meet the burden of establish that plaintiff's chosen forum is inconvenient. In consideration of all of the Chrysler Credit factors, the Court finds that this case should not be transferred.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Venue and Its Opening Brief In Support (Dkt. # 17) is **denied.**

**DATED** this 6th day of August, 2014.

                                                  CLAIRE V. EAGAN
                                                  UNITED STATES DISTRICT JUDGE

---

[9] Section 1406(a) applies only if case has been filed in an improper district or division. 28 U.S.C. § 1406(a).

[10] In Topliff, the court found that the plaintiff "and presumably most of his witnesses" were located 150 miles closer to the city in which the trial would most likely be held if the motion to transfer was granted than to the city in which the trial would be held if the motion were denied. 60 F. Supp. 2d at 1179-80. The court further stated that, "[i]t appears to the court that the only person involved in this case who would be inconvenienced if this case were transferred to Colorado would be plaintiff's counsel." Id. at 1180.